# EXHIBIT A

Louis M. Brown
400 Revere Beach Blvd.
Apt 403
Revere, MA 02151
781 629 1624

RECEIVED
MAR 1 9 2013
LAW DEPT

March 12, 2013

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

**President or Chief Executive Officer**
G.C. Services
6330 Gulfton
Houston, TX 77081

**Dear Sir or Madam:**

I enclose and hereby serve upon you, pursuant to Chapter 223A of the Massachusetts General Laws and Rule 4 of the Massachusetts Rules of Civil Procedure, the following:

1. **Summons;**

2. **Complaint;**

3. **Statement of Damages; and**

4. **Civil Action Cover Sheet**

Please note that in accordance with the Summons, you or your attorney are required to serve an Answer to the Complaint within 20 days of your receipt of this mailing or your default may be entered by the Court.

Very truly yours,

Louis M. Brown

Uniform Form DCM-13

# Commonwealth of Massachusetts

Suffolk, ss.

Louis M Brown
.................................................................
Plaintiff

Civil No. 1314CV0188

G C Services, Inc
.................................................................
Defendant

SUMMONS
(Rule 4)

To defendant ... G C Services ... of ... Houston Texas ... :
(name)                                (address)

You are hereby summoned and required to serve upon ... Louis M Brown ..., plaintiff('s attorney), whose address is ... 400 Revere Beach Blvd 403 Revere, MA 02151 ..., a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS ........................... Presiding Justice, on ... March 12, 2013 ...
                                                             (date)

(SEAL)

........................... Kevin M Murphy ...........................
Clerk

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On ........................... , I served a copy of the within summons, together with a copy of the
(date of service)

complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

...........................................................................
(signature)

...........................................................................
(name and title)

...........................................................................
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Trial Court of Massachusetts<br>BOSTON MUNICIPAL COURT DEPARTMENT<br>_____ Division | DOCKET NUMBER<br>1314CV0185 |
|---|---|---|
| PLAINTIFF(S)<br>Louis M Brown | DEFENDANT(S)<br>Sallie Mae<br>GC Services, Inc | |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. FOR THIS FORM, DISREGARD DOUBLE OR TREBLE DAMAGE CLAIMS; INDICATE SINGLE DAMAGES ONLY.

**TYPE OF ACTION:** ☒ Tort   ☐ Contract   **IS THIS A JURY CASE?** ☒ Yes   ☐ No

### TORT CLAIMS

A. Documented medical expenses to date:
  1. Total hospital expenses ................................. $
  2. Total doctor expenses .................................. $
  3. Total chiropractic expenses ............................ $
  4. Total physical therapy expenses ........................ $
  5. Total other expenses (describe) ........................ $
  
  SUBTOTAL $ .......... 0.00

B. Documented lost wages and compensation to date ........ $
C. Documented property damage to date .................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ..................... $
F. Other documented items of damages (describe) .......... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe):
Violation of FDCA, Intentional Infliction of Emotion Distress
Negligent Infliction of Em. Distress, 93A Violation     TOTAL $ 10,000.00

### CONTRACT CLAIMS

Provide a detailed description of claim(s): _____

TOTAL $ _____

| ATTORNEY FOR (OR PRO-SE) PLAINTIFF:<br>SIGNATURE: Louis M Brown<br>PRINT OR TYPE NAME: Louis M Brown   DATED 3/12/13   BBO NO.<br>ADDRESS: 400 Revere Beach Blvd 403<br>Revere, MA 02151 | DEFENDANT'S NAME AND ADDRESS:<br>Sallie Mae<br>220 Lartey Lane<br>Wilkes Barre, PA 18706<br>GC Services<br>6330 Gulfport<br>Houston, TX 77081 |
|---|---|

BMC-CV-096   STATEMENT OF DAMAGES   (Rev. 08/04 swf)

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS**            **TRIAL COURT DEPARTMENT**
                                                    **CHELSEA DISTRICT COURT**

| | |
|---|---|
| **LOUIS M. BROWN**  )  |  1314 CV0188 |
|     **Plaintiff**  ) | |
| ) | |
| **vs.**  ) | |
| ) | |
| **SALLIE MAE, and**  ) | |
| **GC SRVICES, INC.**  ) | |
|     **Defendants**  ) | |

## COMPLAINT
## PARTIES

1. The plaintiff, Louis M. Brown (hereinafter "Brown") is a resident at 400 Revere Beach Blvd, Apt 403, Revere, Suffolk County, Massachusetts. 02151.
2. The defendant, Sallie Mae (Hereinafter "Sallie"), upon information and belief, is a corporation doing business within the Commonwealth of Massachusetts and within Suffolk County and has a usual place of business at P O Box 4200, Wilkes Barre, Pennsylvania, 18773.
3. The defendant, GC Services (Hereinafter "GC"), upon information and belief, is a corporation doing business within the Commonwealth of Massachusetts and within Suffolk County and has a usual place of business at 6330 Gulfton, Houston, TX, 77081.

## FACTS

4. Many of the transactions that are referred to in this complaint took place in Massachusetts.
5. On or about May 1, 2010 and at various times after that date, Brown began receiving dunning telephone calls on his cell phone - number 617 222 0792 from either of defendants about monies allegedly owed to Sallie Mae.
6. The calls have continued to May of 2012, always at times when the calls caused great distress to Brown as he was often in class as a college student or in other difficult situations.
7. Brown constantly repeated the same message when receiving the calls – stop calling me – I do not have any loans with Sallie Mae.
8. Brown constantly demanded that the defendants remove his telephone number from their databases.
9. In spite of his continued requests to erase his cell phone number from their databases, the defendants continuously called the plaintiff at least 50 times in the subsequent two years.
10. Because of the unfair and deceptive business and collection practices of the defendants, On March 10 and March 17, 2012, Brown drafted and sent, by certified mail, to both defendants, the attached 93A Consumer Complaint Demand Letters. (See attachment A).
11. On or about June 1, 2012, Defendant Sallie Mae responded to Brown's 93A demand letter, but offered no settlement.
12. The other defendant, GC, never responded to Brown's Consumer Protection Demand Letter as required by Mass Gen Laws Chapter 93A.

## COUNT 111
### Brown V Sallie Mae
### (Intentional Infliction Of Emotional Distress)

26. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
27. .At various times the defendant Sallie Mae's agents, employees or servants have contacted plaintiff by telephone at his residence and at his college and represented themselves as employees, agents or servants of the defendant Sallie Mae.
28. Defendant Sallie Mae, during each call, agents, servants or employees of defendant inquired as to the intentions of the plaintiff to service the debt allegedly owed by him to Sallie Mae, in spite of Brown's insistence he had no debt to Sallie Mae and in fact he had stated that fact to the various agents of the defendant more than a dozen times.
29. Plaintiff each time informed the defendants that he had no open account with Sallie Mae and would not be making any payments to Sallie Mae.
30. ]Defendant Sallie Mae's employees, agents or servants were rude and arrogant, disbelieved Plaintiff, and made various threats to sue and to ruin Brown's credit,
31. Under the doctrine of Respondeat Superior, Defendant Sallie Mae's agents or servants were rude and arrogant, disbelieved Plaintiff, and made various threats to sue and to ruin Brown's credit and Sallie Mae is liable for the actions of its agents, employees or servants, in the intentional infliction of emotional distress upon the plaintiff so as to cause him severe mental anguish.

**WHEREFORE**, plaintiff demands judgment against the defendants, Sallie Mae in an amount that fairly and adequately compensates him for his damages.

## COUNT 1V
### Brown vs. Sallie Mae
### (Negligent Infliction Of Emotional Distress)

32. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
33. At various times the defendant Sallie Mae's agents, employees or servants have contacted plaintiff by telephone at his residence and at his college and represented themselves as employees, agents or servants of Sallie Mae.
34. During each call those agents, servants or employees of Sallie Mae inquired as to the intentions of the plaintiff to service the debt allegedly owed by him to Sallie Mae, in spite of Brown's insistence that he had no debt to Sallie Mae and in fact had, several times, notified Sallie Mae that the debt was not his.
35. .Brown each time informed the defendant Sallie Mae that he had no open account with Sallie Mae and would not be making any payments to Sallie Mae.
36. .Defendant Sallie Mae's employees, agents or servants were rude and arrogant, disbelieved Plaintiff, and made various threats to sue and to ruin Brown's credit.
37. Under the doctrine of Respondeat Superior, defendant Sallie Mae's employees, agents or servants were rude and arrogant, disbelieved Brown, and made various threats to sue and to ruin Brown's credit and Sallie Mae is liable for the actions of its agents, employees or servants, in the intentional infliction of emotional distress upon Brown so as to cause him severe mental anguish.

**WHEREFORE**, plaintiff demands judgment against the defendant Sallie Mae in an amount that fairly and adequately compensates him for his damages.

## COUNT V
### Brown Vs. Sallie Mae
### (15 U.S.C.S. sec. 1692)

38. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
39. Such harassment as committed by defendant Sallie Mae's agents, servants or employees, acting on behalf of the defendant Sallie Mae as alleged in paragraphs 1-38 of plaintiff's Complaint, above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692

**WHEREFORE**, plaintiff demands judgment against the defendant, Sallie Mae in an amount that fairly and adequately compensates him for his damages.

## COUNT V1
### Brown vs. Sallie Mae
### (Additional M.G.L. c. 93, sec. 49)

40. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
41. Sallie Mae, by and through its agents, placed numerous telephone calls to Brown, numerous to the point of harassment, despite several demands by Brown asking Sallie Mae to refrain from making such calls.
42. Several such calls caused disruptions of Brown's household to such a degree that it caused Brown and his family to suffer severe emotional distress.
43. Such violations of the Federal Fair Debt Collection Act constitute a Per Se violation of MGL Chapter 93, sec. 49 due to those unfair and deceptive debt collection practices. On information and belief, such actions were done willfully and knowingly and maliciously,

**WHEREFORE**, plaintiff demands judgment against the defendant Sallie Mae in an amount that fairly and adequately compensates him for his damages.

## COUNT V11
### Brown vs. G.C. Services
### (Chapter 93a Violations)

44. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
45. The conduct alleged in paragraphs above constitutes violations of MGL Chapter 93A, sec. 49 due to the unfair and deceptive business practices of GC.
46. GC, through its agents have continued its unfair and deceptive business practices by failing to remove Brown's telephone number from their databases after being repeatedly urged to do so.
47. The lack of a responses of the defendant GC to Brown's 93A Demands was unsatisfactory and insulting to Brown.
48. On information and belief, such actions were done willfully and knowingly and maliciously

**WHEREFORE**, plaintiff demands judgment against the defendant, GC in an amount that fairly and adequately compensates him for his damages.

## COUNT V111
## Brown vs. G.C. Services
## INVASION OF PRIVACY

49. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
50. From May of 2010, Brown has had his Privacy regularly invaded by the Defendant GC, with dunning telephone calls.
51. Since that time and up to and including May of 2012, the defendant GC, through its agents, servants or employees represented to Brown at various times that they would remove his number, 617 222 0792 from their databases thereby ending their invasions of Brown's Privacy, but the calls did not stop. All this wrongful behavior continued to occur even though Brown had no account with the defendant GC or Sallie Mae.
52. The actions of the defendant GC in continuing to make calls to Brown throughout the entire two years represents an outrageous Invasion of Privacy and has caused Brown humiliation and has caused Brown to have significant penalties due to the interruptions of his course work while at college.

**WHEREFORE**, plaintiff demands judgment against the defendant, GC in an amount that fairly and adequately compensates him for his damages.


## COUNT 1X
## Brown vs. G.C. Services
## (Intentional Infliction Of Emotional Distress)

53. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
54. At various times the defendant GC's agents, employees or servants have contacted plaintiff by telephone at his residence and at his college and represented themselves as employees, agents or servants of the defendant GC.
55. Defendant GC, during each call, agents, servants or employees of defendant inquired as to the intentions of the plaintiff to service the debt allegedly owed by him to Sallie Mae, in spite of Brown's insistence he had no debt to Sallie Mae or with GC and in fact he had stated that fact to the various agents of the defendant more than a dozen times.
56. Plaintiff each time informed the defendants that he had no open account with Sallie Mae or GC and would not be making any payments to Sallie Mae or GC.
57. Defendant GC's employees, agents or servants were rude and arrogant, disbelieved Plaintiff, and made various threats to sue and to ruin Brown's credit,
58. Under the doctrine of Respondeat Superior, Defendant GC's agents or servants were rude and arrogant, disbelieved Plaintiff, and made various threats to sue and to ruin Brown's credit and GC is liable for the actions of its agents, employees or servants, in the intentional infliction of emotional distress upon the plaintiff so as to cause him severe mental anguish.

**WHEREFORE**, plaintiff demands judgment against the defendant, GC in an amount that fairly and adequately compensates him for his damages.

## COUNT X
## Brown vs. G.C. Services
## (Negligent Infliction Of Emotional Distress)

59. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
60. At various times the defendant GCs agents, employees or servants have contacted plaintiff by telephone at his residence and at his college and represented themselves as employees, agents or servants of GC.
61. During each call those agents, servants or employees of GC inquired as to the intentions of the plaintiff to service the debt allegedly owed by him to Sallie Mae or GC, in spite of Brown's insistence that he had no debt to Sallie Mae or GC and in fact had, several times, notified Sallie Mae and GC that the debt was not his.
62. .Brown each time informed the defendant GC that he had no open account with Sallie Mae or GC and would not be making any payments to Sallie Mae or GC.
63. .Defendant GC's employees, agents or servants were rude and arrogant, disbelieved Plaintiff, and made various threats to sue and to ruin Brown's credit.
64. Under the doctrine of Respondeat Superior, defendant GC's employees, agents or servants were rude and arrogant, disbelieved Brown, and made various threats to sue and to ruin Brown's credit and GC is liable for the actions of its agents, employees or servants, in the intentional infliction of emotional distress upon Brown so as to cause him severe mental anguish.

**WHEREFORE**, plaintiff demands judgment against the defendant GC in an amount that fairly and adequately compensates him for his damages.

## COUNT X1
## Brown vs. G.C. Services
## (15 U.S.C.S. sec. 1692)

65. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
66. Such harassment as committed by defendant GC's agents, servants or employees, acting on behalf of the defendant GC as alleged in paragraphs 1-65 of plaintiff's Complaint, above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692

**WHEREFORE**, plaintiff demands judgment against the defendant, GC in an amount that fairly and adequately compensates him for his damages.

## COUNT X11
## Brown vs. G.C. Services
## (Additional M.G.L. c. 93, sec. 49)

67. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.
68. GC, by and through its agents, placed numerous telephone calls to Brown, numerous to the point of harassment, despite several demands by Brown asking GC to refrain from making such calls.
69. Several such calls caused disruptions of Brown's household to such a degree that it caused Brown and his family to suffer severe emotional distress.
70. Such violations of the Federal Fair Debt Collection Act constitute a Per Se violation of MGL Chapter 93, sec. 49 due to those unfair and deceptive debt collection practices. On information and belief, such actions were done willfully and knowingly and maliciously,

**WHEREFORE**, plaintiff demands judgment against the defendant GC in an amount that fairly and adequately compensates him for his damages.

**WHEREFORE**, plaintiff demands judgment against the defendants, Sallie Mae and GC Services, Inc. by awarding:

a) An amount that fairly and adequately compensates him for his damages;

b) Double or treble damages;

c) Interest, costs and attorneys fees.

d) Any amount that the court deems reasonable and appropriate and that fairly and adequately compensates the plaintiff for his damages

**PLAINTIFF DEMANDS A TRIAL BY JURY**

The Plaintiff
Pro Se

Louis M. Brown
4oo Revere Beach Blvd
Apt 403
Revere, MA 02151
561 666 0223

Date: March 12, 2013